IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Antonio Beale,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | CV-09-248-TUC-DCB-DTF<br><br>**REPORT & RECOMMENDATION** |

Petitioner, Aaron Antonio Beale, who is presently confined in the Huerfano County Correctional Center in Walsenberg, Colorado, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Ferraro for a Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus (Dkt. 1) and Respondents' Answer to Petition for Writ of Habeas Corpus (Dkt. 7). Petitioner did not file a Reply. The Magistrate Judge recommends that the District Court, after independent review, deny the Petition.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Based on events occurring on May 7, 2004, Petitioner was charged in Cochise County Superior Court with possession of a dangerous drug, possession of drug paraphernalia, and possession of a deadly weapon by a prohibited possessor (CR 2004-391). (Dkt. 7, Ex. C.) Petitioner absconded before trial. (*Id.*, Ex. D at 4-7.) Approximately one year later, police arrested Petitioner based on the resulting warrant. (*Id.* at 7-9.) During a search incident to

arrest, police found several items of contraband in Petitioner's car, which led to new charges being filed against Petitioner in a new case (CR 2005-667). (*Id*. at 7.)

The State offered a plea agreement in which Petitioner would be sentenced to a total of 9.25 years imprisonment between both cases.[1] (Dkt. 7, Ex. E at 18.) However, at the change of plea hearing on January 24, 2006, Petitioner was unable to provide a factual basis for one charge in the plea agreement: possession of a deadly weapon by a prohibited possessor. (Dkt. 7, Ex. E at 28-29, Ex. F; Dkt. 1-2 at 3.) After the prosecutor explained the concept of constructive possession, Petitioner indicated that he still did not understand. (Dkt. 7, Ex. D at 16, Ex. F; Dkt. 1-2 at 3.) The court recessed to allow Petitioner to consult with his attorney. (Dkt. 7, Ex. D at 16, Ex. E at 29, Ex. F; Dkt. 1-2 at 3.) When proceedings resumed, Petitioner was still unable to provide a sufficient factual basis for the plea. (Dkt. 7, Ex. D at 17, Ex. F.) The trial court advised Petitioner that he could re-schedule his change of plea hearing for January 31, 2006, and set a trial date of February 8, 2006. (Dkt. 7, Ex. F.) When trial counsel indicated a scheduling conflict with the morning of January 31, 2006, the trial court expressed its willingness to find another time on January 31 to schedule a hearing if Petitioner wanted to enter a plea. (*Id*.) The trial court concluded "'[w]e either will or we won't, and Mr. Beale, I will either see you on the 31st or the 8th of February.' At that point it was the Court's understanding that the matter would be tried if no plea was entered on January 31, 2006." (*Id*.) No change of plea hearing occurred, the State withdrew the plea offer and the matter proceeded to trial on February 8, 2006. (Dkt. 7, Exs. A, F.) Petitioner attempted to accept the plea agreement on the morning of trial, but the prosecutor

---

[1] Respondents were not able to locate a copy of the plea agreement initially offered in Petitioner's case, nor were they able to locate the transcript from the January 24, 2006 change of plea hearing. (Dkt. 7 at 3 nn.1-2.) The facts regarding Petitioner's change of plea proceedings as stated herein are taken from the minute entries and transcripts from the trial court's consideration of Petitioner's PCR Petition and the Court of Appeals' decision denying Petitioner's petition for review. Some correspondence in the record before this Court suggests that the sentence offered in the plea agreement was 9 years, not 9.25. (Dkt. 7, Ex. J at Exs. C, D.)

had withdrawn the offer.[2] (Dkt. 1-2 at 3.)

After a two-day trial in CR 2004-391, a jury found Petitioner guilty of possession of a dangerous drug and possession of drug paraphernalia. (Dkt. 7, Ex. B at 25-26.) At trial, Petitioner continued to dispute the charge that he possessed the weapons as a prohibited possessor; the jury agreed and acquitted Petitioner of the weapons charge. (*Id*., Ex. F.) Petitioner was sentenced to the presumptive terms of 4.5 and 1.75 years imprisonment, to be served concurrently with each other and with the sentences imposed on Petitioner in CR-2005-667. (Dkt. 1-2 at 2.) Petitioner entered into a plea agreement in CR-2005-667 wherein the sentences in that case would run concurrently to the sentences in CR-2004-391. (Dkt. 7, Ex. G at 5.) On April 11, 2006, Petitioner was sentenced to a total of 15 years imprisonment in CR 2005-667. (*Id*.)

Petitioner filed a petition for post-conviction relief (PCR) pursuant to Arizona Rule of Criminal Procedure 32 encompassing both CR-2004-391 and CR-2005-667. (Dkt. 1-2 at 2; Dkt. 7, Ex. J.) In his PCR Petition, Petitioner presented two, interrelated claims for relief: (1) trial counsel was ineffective for failing to adequately communicate the terms of the State's first plea offer; and (2) trial counsel was ineffective in advising Petitioner to accept the second plea offer. (Dkt. 7, Ex. J.) On January 15 and 25, 2008, the trial court held an evidentiary hearing on Petitioner's PCR Petition. (*Id.*, Exs. D, E.) On February 14, 2008, the trial court denied the petition. (*Id.*, Ex. F.)

Petitioner filed a petition for review by the Arizona Court of Appeals. In his petition for review, Petitioner presented three claims for relief relevant to CR-2004-391: (1) trial counsel was ineffective for failing to adequately communicate the terms of a plea offer that would have resolved CR-2004-391 and CR-2005-667; (2) trial counsel was ineffective for failing to contact the prosecutor prior to the day of trial to convey Petitioner's desire to accept the plea offer; and (3) the trial court abused its discretion by implicitly concluding that

---

[2] According to Petitioner's PCR Petition, on the morning of trial, counsel met in chambers and heard argument from defense counsel concerning defendant's motion to enforce the plea agreement; the court denied the motion. (Dkt. 7, Ex. I at 5-6.)

the state had not been estopped from withdrawing the plea agreement. (Dkt. 1-2 at 3-4; Dkt. 7, Exs. K, M.) The Court of Appeals denied the petition for review in a memorandum decision filed on February 5, 2009. (Dkt. 7, Ex. K.)

## **DISCUSSION**

On April 30, 2009, Petitioner filed the instant Petition for Writ of Habeas Corpus, in which he presents two claims for relief:

**Claim 1:** Petitioner's trial counsel was ineffective because he (a) failed to adequately communicate the terms of a plea offer that would have resolved CR-2004-391 and CR-2005-667; and (b) failed to contact the prosecutor prior to the day of trial to convey Petitioner's desire to accept the plea offer;[3] and

**Claim 2:** The trial court abused its discretion by implicitly concluding that the state had not been estopped from withdrawing the plea agreement.

(Dkt. 1 at 6-7). Petitioner has failed to exhaust Claims 1(b) and 2. Claim 1(a) is without merit.

### **A. Exhaustion**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect the state courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully

---

[3] In Claim 1, Petitioner incorporates by reference the ineffective assistance of counsel claims presented in his petition for review by the Arizona Court of Appeals. (Dkt. 1 at 6.)

- 4 -

exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings. *See id.* at 519. A petitioner also must have presented his claim in a procedural context in which its merits will be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### i. **Petitioner was not required to present his claims to the Arizona Supreme Court**

Respondents argue that Petitioner has failed to exhaust his claims because he did not file a petition for review by the Arizona Supreme Court. This argument is without merit.

Respondents' argument arises from the statutory requirement that a petitioner exhaust "the remedies **available** in the courts of the State," 28 U.S.C. § 2254(b)(1)(A) & (c), which requires giving state courts a "fair opportunity to act," *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). In *Swoopes*, the Ninth Circuit held that, in cases not carrying a life sentence or the death penalty, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Swoopes v. Sublett,* 196 F.3d

1008, 1010 (9th Cir. 1999). Respondents submit that *Swoopes* was incorrectly decided and has been implicitly overruled by more recent case law. (Dkt. 7 at 6.)

In support of their argument, Respondents cite *Baldwin v. Reese*, 541 U.S. 27 (2004), and *O'Sullivan v. Boerckel*. In *Baldwin*, a case appealed from the Ninth Circuit, the Supreme Court addressed the question of what constitutes notice of the federal nature of a claim sufficient to satisfy the fair presentment requirement of exhaustion. In laying the groundwork for its decision, the Supreme Court stated that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." 541 U.S. at 29 (citations omitted).

*Swoopes* was decided on remand to the Ninth Circuit for consideration in light of the Supreme Court's decision in the *O'Sullivan* case. In *Swoopes*, the Ninth Circuit, just like the *Baldwin* court, began by reiterating the general rule stated in *O'Sullivan* that, "in order to satisfy the exhaustion requirement for federal habeas relief, state prisoners must file for discretionary review in a state supreme court when that review is part of ordinary appellate review." *Swoopes*, 196 F.3d at 1009 (citing *O'Sullivan*, 526 U.S. at 843-48). Further, the fact that a state employs a discretionary review system does not, in itself, make state supreme court review "unavailable." *Id.* (citing *O'Sullivan*, 526 U.S. at 848.) The court recognized, however, that the Supreme Court had "acknowledged an exception to the exhaustion requirement," when a State provides that a specific remedy is unavailable. *Id.* (quoting *O'Sullivan*, 526 U.S. at 847).

The Ninth Circuit proceeded to assess Arizona's discretionary review system. The court cited two Arizona cases, *State v. Shattuck*, 140 Ariz. 582, 684 P.2d 154 (1984), and *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989), which made it clear that, "in cases not carrying a life sentence or the death penalty, review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes*, 196 F.3d at 1010. Thus, the court concluded, "post-conviction review before the Arizona Supreme Court is a remedy that is 'unavailable' within the meaning of *O'Sullivan*," and unnecessary to exhaust state

remedies. *Id.* There is nothing in *Baldwin* that suggests, implicitly or explicitly, that this analysis is flawed or that the holding has been overruled.

Also strongly suggestive of the continued vitality of *Swoopes* is that the Ninth Circuit continues to cite the case for the very proposition Respondents suggest was overruled. In *Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005), the court stated that "[i]n cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Id.* at 998 n.3 (quoting *Swoopes*, 196 F.3d at 1010). At least one other circuit also has cited *Swoopes* for this proposition without questioning its continuing validity. *See Lambert v. Blackwell,* 387 F.3d 210, 233 (3rd Cir. 2004). In light of this analysis, Respondents' argument that the reliability of the holding in *Swoopes* is questionable fails.

### ii. Petitioner failed to exhaust Claims 1(b) and 2

Petitioner presented Claims 1(b) and 2 in his petition for review by the Arizona Court of Appeals. However, Petitioner did not present either claim in his PCR Petition. Submission of a claim for the first time to a state court on discretionary review does not constitute fair presentation and does not satisfy the exhaustion requirement.[4] *See Castille*, 489 U.S. at 351-52. If Petitioner were to return to state court now to litigate these claims, they would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because they do not fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Therefore, these claims are technically exhausted but procedurally defaulted.

Claims 1(b) and 2 are procedurally defaulted and barred from review in this Court, absent a showing of legitimate cause for the failure to properly exhaust in state court and

---

[4] In addition, Petitioner did not present Claim 2 as a federal claim in his petition for review, and the Court of Appeals did not analyze the claim under federal law. A claim is not "fairly presented" for purposes of exhaustion unless the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

prejudice arising from the alleged constitutional violation, or that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Petitioner has not alleged either cause and prejudice or a fundamental miscarriage of justice to overcome the default.

**B.     Merits**

    **i.     Legal Standard**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a "substantially higher threshold for habeas relief" with the "acknowledged purpose of 'reducing delays in the execution of state and federal criminal sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). The AEDPA's "'highly deferential standard for evaluating state-court rulings' . . . demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)).

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold question under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs

the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

The Supreme Court has provided guidance in applying each prong of § 2254(d)(1). The Court has explained that a state court decision is "contrary to" the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in those precedents, thereby reaching a conclusion opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Williams*, 529 U.S. at 405-06; *see Early v. Packer,* 537 U.S. 3, 8 (2002) (per curiam).

Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. For a federal court to find a state court's application of Supreme Court precedent "unreasonable," the petitioner must show that the state court's decision was not merely incorrect or erroneous, but "objectively unreasonable." *Id.* at 409; *Landrigan*, 550 U.S. at 473; *Visciotti*, 537 U.S. at 25.

Under the standard set forth in § 2254(d)(2), habeas relief is available only if the state court decision was based upon an unreasonable determination of the facts. *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (*Miller-El II*). A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322, 340 (2003) (*Miller-El I*); *see Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). In considering a challenge under § 2254(d)(2), state court factual determinations are presumed to be correct, and a petitioner bears the "burden of rebutting this presumption by clear and

convincing evidence." 28 U.S.C. § 2254(e)(1); *Landrigan*, 550 U.S. at 473-74; *Miller-El II*, 545 U.S. at 240.

### ii. Claim 1(a) is without merit

In Claim 1(a), Petitioner argues that he received ineffective assistance of counsel when his trial counsel failed to adequately communicate the terms of a plea offer (including the element of constructive possession) that would have resolved CR-2004-391 and CR-2005-667, thereby causing him to lose the favorable plea. The governing federal law standard for claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), which recognizes a right to "effective assistance of counsel" arising under the Sixth Amendment. The *Strickland* standard for ineffective assistance of counsel has two components. A defendant must first demonstrate that counsel's performance was deficient, *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment. 466 U.S. at 687. It requires the defendant to show that counsel's conduct "fell below an objective standard of reasonableness." *Id.* at 687-88. Counsel's performance is strongly presumed to fall within the ambit of reasonable conduct unless petitioner can show otherwise. *Id.* at 689-90. Second, a defendant must show that the mistakes made were "prejudicial to the defense," that is, the mistakes created a "reasonable probability that, but for [the] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner did not attempt to rebut any of the state courts' factual findings, therefore, they are presumed correct. 28 U.S.C. § 2254(e)(1). The PCR court found that Petitioner was given a sufficient explanation of constructive possession. (Dkt. 7, Ex. F at 1.) Similarly, the court of appeals stated that Petitioner admitted the prosecutor had explained constructive possession during the change of plea hearing, and his counsel had reviewed constructive possession with him during the recess. (Dkt. 7, Ex. K at 4.) Further, the court noted that trial counsel discussed the plea agreement with Petitioner both the day before and the morning of the change of plea hearing. (*Id.*) The PCR court concluded that Petitioner had sufficient information to enter a plea that day or in the following week. (Dkt. 7, Ex. F at 1.) The court

of appeals cited both Petitioner's testimony during the evidentiary hearing, that he was reluctant to accept a nine-year prison term, as well as trial counsel's statement that he had detailed conversations regarding the plea with Petitioner and Petitioner's "main concern" was the amount of prison time he was facing. (*Id.*, Ex. K at 4.)

These factual findings are not objectively unreasonable in light of the state court record. For example, Petitioner testified, at the PCR evidentiary hearing, that trial counsel reviewed each element of each charge with him, and that he had no hesitation about the plea agreement after his counsel reviewed it with him the day before the hearing. (Dkt. 7, Ex. D at 10-11, 15.) At the change of plea hearing, Petitioner told the court that he understood everything in the plea agreement. (*Id.* at 16.) In light of these factual findings, it was objectively reasonable for the court of appeals to conclude that trial counsel's performance regarding the plea offer was not deficient.

## CONCLUSION

Claims 1(b) and 2 are procedurally defaulted. Claim 1(a) does not warrant relief under the AEDPA.

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within 14 days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-09-248-TUC-DCB**.

DATED this 5th day of January, 2010.

_____
D. Thomas Ferraro
United States Magistrate Judge